BRIAN G. CONWAY AND ELIZABETH A. CONWAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Conway v. Commissioner
Docket No. 4377-87
United States Tax Court
T.C. Memo 1994-413; 1994 Tax Ct. Memo LEXIS 422; 68 T.C.M. (CCH) 501; August 22, 1994, Filed *422 An order will be issued making the Court's May 17, 1994, order to show cause absolute and discharging the Court's June 23, 1994, order to show cause, and decision will be entered for respondent. For petitioners: Stephen Lewis. For respondent: Ronald M. Rosen. GERBER
GERBER
MEMORANDUM OPINION GERBER, Judge: This case was part of a large group of cases connected with the test case , affd. without published opinion , cert. denied . Petitioners executed a stipulation to be bound by the results of the test case for the 1982 taxable year and a closing agreement (Form 906) regarding earlier years. One of the petitioners contends that the period for assessment has expired with respect to the 1982 taxable year, the year before the Court. We must decide whether the period for assessment has expired. Background -- Respondent mailed a notice of deficiency December 1, 1986, and the petition was filed February 20, 1987. On May 5, 1987, petitioners and respondent entered into a stipulation in this *423 case, under which the parties agreed to be bound by the final outcome of the above-cited test case. [1] Petitioners specifically did not consent to assessment of the tax for 1982, the subject tax year, during the appeal of the test case. Per respondent's calculations, the test case became final on April 3, 1992, 25 days after the March 9, 1992, Supreme Court denial of the writ of certiorari with respect to the test case. See . On March 29, 1988, petitioners, under section 7121, [2] entered into a closing agreement with respondent concerning their 1979, 1980, and 1981 taxable years, under which the parties agreed to be bound by the test case. Paragraph 2 of the closing agreement contained the following pertinent language: (2) All issues involving the above adjustment shall be resolved as if the taxpayer was the same as the petitioner in the *424 * * * [test] CASE. * * * (b) If the adjustment is resolved in the * * * [test] CASE in a manner which affects the same issue in other years (e.g. resolution affects basis and, therefore, the availability of losses in later years or affects depreciation schedules), the resolution will apply to the taxpayer's later years as if the taxpayer was the petitioner in the * * * [test] CASE.
Paragraphs 4 and 5 of the closing agreement contained the following pertinent language: (4) The amount of any federal income tax * * * may be assessed by the IRS any time within two (2) years after the date on which the decision in the * * * [test] CASE becomes final, notwithstanding the expiration of any period of limitation on assessment and collection otherwise prescribed by section 65-1. (5) The assessment referred to in paragraph (4) shall be made without the issuance of the notice of deficiency authorized by section 6212 and without regard to the restrictions otherwise imposed by section 6213.
*425 Petitioners were divorced on January 24, 1989, and on January 28, 1993, petitioner Elizabeth A. Conway (Mrs. Conway) was permitted to amend the petition to allege that she was entitled to relief as an innocent spouse. By a stipulation of settled issues, petitioner Brian G. Conway (Mr. Conway) agreed with respondent to a specific income tax deficiency, additions to tax, and increased interest for 1982, and the parties enabled the Court to enter a decision for the agreed amounts against Mr. Conway. Mrs. Conway did not join in this agreement. On April 26, 1994, respondent moved for an order to show cause why a decision should not be entered with respect to Mrs. Conway. Respondent pointed out in her motion that Mrs. Conway had stipulated to be bound by the test case with respect to the 1982 tax year pending before this Court. Respondent also pointed out that, with respect to Mrs. Conway's amended petition claiming relief as an innocent spouse, this Court had ruled as a matter of law that innocent spouse relief was not available. [3] By order dated May 17, 1994, we granted respondent's motion, and Mrs. Conway was ordered to show cause on or before June 20, 1994.
*426 Mrs. Conway responded to the Court's May 17, 1994, order by moving for an order for respondent to show cause why a decision should not be entered in Mrs. Conway's favor because the period for assessment has expired with respect to 1982. Mrs. Conway's motion is being treated as both a response to the Court's order and a motion seeking relief based upon an affirmative defense. Mrs. Conway's motion does not address the innocent spouse issue and, accordingly, our May 17, 1994, order to show cause will be made absolute with respect to that question. With respect to Mrs. Conway's affirmative defense, respondent was required by an order dated June 23, 1994, to show cause on or before July 25, 1994, why a decision should not be entered against her. [4]
Discussion -- Mrs. Conway's position is that the language of the Form 906 closing *427 agreement for 1979 through 1981 binds the parties for subsequent taxable periods, including 1982. That claim is made even though Mrs. Conway entered into an earlier and separate agreement (stipulation) with respondent specifically dealing with the 1982 tax year and without waiver of the normal assessment period. Under the closing agreement, respondent had 2 years from the time the test case became final to assess. The 2-year period after the test case became final ended no later than April 3, 1992, and accordingly the assessment period for any year subject to the Form 906 closing agreement would have now expired. Respondent counters that the stipulation, which was entered into by the parties specifically to deal with the 1982 tax year before the Court, is the operative document and the period for assessment has not expired. We agree with respondent. Mrs. Conway's position rests on the premises that the Form 906 closing agreement affects the 1982 tax year, and that it is binding on the parties and this Court. She argues that respondent did not assess within the 2-year window agreed to by the parties in the closing agreement. We note that the language of the closing agreement *428 must be strained enormously in order to support Mrs. Conway's position that the agreement affects a taxable year that is not specifically mentioned in the agreement. Her argument is further weakened because the 1982 year was subject to a separate agreement and pending before this Court prior to the execution of the closing agreement. Paragraph 2(b) of the closing agreement extends the result of the test case to taxable years other than those designated on the closing agreement if they are affected by the continuing item which is the subject of the test case. Closing agreements can be fashioned to cover a taxable period or transaction. Where the tax effect of a particular transaction is the subject, the closing agreement may bind the parties to the tax effect of the same transaction for subsequent tax periods. See . Paragraph 4 permits respondent to assess the liability any time within 2 years after the test case is final, notwithstanding any limitations in section 6501. Paragraph 5 permits assessment to be made "without the issuance of the notice of deficiency authorized by section 6212 and without regard *429 to the restrictions otherwise imposed by section 6213." Although paragraph 2(b) would extend the result to years not specifically designated on the Form 906 closing agreement, it does not appear that the 2-year window for assessment contained in paragraph 4 and the waiver of deficiency procedures of paragraph 5 apply to any years other than those specifically agreed to by the parties. Indeed, we do not expect that petitioners intended to extend the assessment period for already closed years that could have been covered by paragraph 2(b) of the closing agreement. Likewise, we do not expect that respondent intended to shorten the period for assessment of any later years for which the normal assessment period would have been 3 years. See Sec. 6501. Even if we were to conclude that the parties' closing agreement covered the 1982 tax year with respect to the 2-year window, longstanding case law would not permit the parties to disregard this Court's jurisdiction once it has been invoked. See , affd. per curiam , and cases cited therein. Further, it *430 does not matter that both parties were in agreement about disregarding or circumventing this Court's jurisdiction; once invoked, the period for assessment is extended, and an assessment is not possible without a decision or order of this Court. See ; ; ; . Moreover, the language of paragraphs 2, 4, or 5 of the closing agreement would not be applicable to 1982 because a statutory notice of deficiency was issued and a petition was filed with respect to that year. To reflect the foregoing, An order will be issued making the Court's May 17, 1994, order to show cause absolute and discharging the Court's June 23, 1994, order to show cause, and decision will be entered for respondent. Footnotes
1. This document was not offered by the parties for filing with the Court.↩
2. All section references are to the Internal Revenue Code as amended and in effect for the year in issue.↩
3. Respondent references the following case regarding the innocent spouse question: .↩
4. Although the pending issues were framed by means of the parties' motions seeking orders to show cause, we treat this matter as though the parties filed cross-motions for summary judgment.↩